UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ann LaBelle and Daniel LaBelle,

    Plaintiffs,

v.

American Brokers Conduit; BAC Home Loans Servicing, LP, a Texas Limited Partnership as Successor in Interest to Countrywide Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc., a Delaware corporation; John and Jane Does 1-10,

    Defendants.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 10-2858 (MJD/AJB)

Michael J. Keogh, Keogh Law Office, Counsel for Plaintiffs.

Erin Davenport and James Langdon, Dorsey & Whitney LLP, Counsel for Defendants BAC Home Loans Servicing, LP and Mortgage Electronic Registration Systems, Inc.

## I. INTRODUCTION

This matter is before the Court on Defendants BAC Home Loans Servicing, LP's ("BAC") and Mortgage Electronic Registration Systems, Inc.'s ("MERS")

Motion to Dismiss. [Docket No. 2] The Court heard oral argument on Wednesday, December 8, 2010.

## II. SUMMARY OF COURT'S OPINION

After considering the documents filed, and the oral arguments, the Court will deny BAC's and MERS' Motion to Dismiss. The Court finds that with regard to Count I of the Amended Complaint, Plaintiffs' allegations taken as true have pled sufficient facts which would extend the time period Plaintiffs had to exercise their right to TILA rescission to three years. Plaintiffs' notice of rescission was sent within this three year period. Plaintiffs have thus pled sufficient facts to pursue a claim for TILA rescission.

The Court will further deny the Motion to Dismiss in relation to Plaintiffs' remaining counts of the Amended Complaint. The Motion to Dismiss, when filed, addressed the original Complaint filed in this case. After the motion was filed, Plaintiffs amended their Complaint by adding three new claims. The Court finds that it would be inappropriate to dismiss these claims, considering they were added after the Motion to Dismiss was filed with this Court.

## III. FACTUAL BACKGROUND

**A. Parties**

Plaintiffs are Ann and Daniel LaBelle, (collectively the "LaBelles" or "Plaintiffs") who are individuals domiciled in Minnesota. On or about January 16, 2007, the LaBelles closed on a refinanced mortgage transaction for residential property located at 43990 Elmcrest Avenue, Harris, Minnesota. Defendant BAC is the successor in interest to Countrywide Home Loans Servicing, LP ("Countrywide"). Defendant MERS is an electronic registry and clearinghouse which tracks ownership and changes in servicing rights in mortgages. MERS is an assignee of the loan.

**B. Plaintiffs' Refinanced Mortgage Transaction**

At the closing, the LaBelles received copies of various documents, including a note, a mortgage security instrument, a TILA disclosure statement without Itemization of Amount Financed, a HUD settlement statement, and three unsigned copies of Notice of Right to Cancel. After the refinancing, the LaBelles eventually defaulted on their mortgage and filed for bankruptcy.

On or about June 13, 2009, the LaBelles sent a document entitled "Actual Notice to Rescind; Notice Pursuant to RESPA (QWR); & Request for Accounting" to all known interested parties. On July 2, 2009, BAC responded to Plaintiffs and provided loan documents and noted that the rest of the request would be

addressed separately. On July 22, 2009, BAC responded to the LaBelles' request by providing the information it felt was consistent with a qualified written request and declined to provide information in relation to Plaintiffs' other requests. In a letter dated December 16, 2009, BAC refused to acknowledge Plaintiffs' TILA rescission.

### C. Procedural History

On July 2, 2010, Plaintiffs filed a one count Complaint with this Court against the Defendants alleging Failure to Rescind under TILA and Reg. Z Against All Defendants. [Docket No. 1] Subsequently, on October 18, 2010, Defendants BAC and MERS filed a Motion to Dismiss Plaintiffs' Complaint. [Docket No. 2] After filing a brief in opposition to BAC's and MERS' motion [Docket No. 8], Plaintiffs filed an Amended Complaint, which included four counts. [Docket No. 9] The Amended Complaint alleges (1) Failure to Rescind under TILA and Reg. Z against all Defendants, (2) TILA/Reg. Z Recoupment against all Defendants, (3) RESPA Recoupment Claims against Defendants, and (4) Violation of the MDTPA against all Defendants. Although the Amended Complaint added new claims, Defendants BAC and MERS did not file a new motion to dismiss, but rather contend that because the new claims suffer from

4

the same defects as the original Complaint this Court should consider the motion as addressing the Amended Complaint.

## IV. DISCUSSION

### A. Legal Standard for a Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true. Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, a court may consider certain outside materials, such as matters of public record, materials

that do not contradict the complaint, exhibits attached to the complaint, and materials that are necessarily embraced by the pleadings, without converting the motion into one for summary judgment. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

**B. Count I: Failure to Rescind under TILA & Regulation Z**

Under TILA, borrowers are given a right to rescind the transaction. 15 U.S.C. § 1635(a). A borrower can exercise this right to rescind "until midnight of the third business day following the consummation," delivery of the required notice of the right to rescind, or "delivery of all material disclosures, whichever occurs last." 12 C.F.R. § 226.23(a)(3); see 15 U.S.C. § 1635(a). If either the "required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. 226.23(a)(3). Furthermore, 15 U.S.C. § 1641(c) states that "[a]ny consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction against any assignee of the obligation."

As stated above, BAC's and MERS' motion to dismiss addressed the original Complaint, as opposed to the Amended Complaint. Count I of the

6

Amended Complaint, however, was in the original Complaint. "If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (3d ed. 2010); see also DeVary v. Countrywide Home Loans, Inc., 701 F. Supp. 2d 1096, 1100 (D. Minn. 2010). Count I is unchanged from the original Complaint to the Amended Complaint. Furthermore, with regard to Count One of the Amended Complaint, Defendants utilize the same arguments that they made in seeking to dismiss the original Complaint. Accordingly, the Court finds that BAC's and MERS' motion to dismiss addresses Count One of the Amended Complaint.

Plaintiffs argue that they did not receive all of the required material disclosures, and contend that they did not receive the correct number of TILA disclosure statements. 12 C.F.R. § 226.17(d) states that where a transaction is rescindable under 12 C.F.R. § 226.23, disclosures are to be made to "each consumer who has the right to rescind." Plaintiffs contend that they were not

7

given two disclosure statements as required by the regulations, thus their right to rescind was extended to three years.

Plaintiffs further state that they did not receive the correct number of copies of the Notice of the Right to Cancel. They argue that since there were two borrowers, each borrower was entitled to two copies of the Notice of the Right to Cancel, totaling four copies. 12 C.F.R. § 226.23 ("a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind."). Since Plaintiffs assert that they did not receive the required number of copies of the Notice of the Right to Cancel, Plaintiffs contend that their right to rescission lasts for three years as opposed to three days.

As this matter is before the Court on a Motion to Dismiss the Court must take Plaintiffs' allegation as true. Defendants, with their motion, submitted signed copies of both the TILA Disclosure Statement and the Notice of the Right to Cancel, which acknowledge that the Plaintiffs received the appropriate number of copies. These documents, however, serve to contradict the allegations in the Amended Complaint that the Plaintiffs only received one copy of the TILA Disclosure Statement and three unsigned copies of the Notice of the Right to Cancel. Furthermore, Plaintiffs' brief in opposition states that Defendants'

signed documents are "not an authentic disclosure provided to the Plaintiff in a form he may keep and thus [they have] no probative value." (Pls.' Opp'n 3.) Plaintiffs seemingly contest that they signed these documents which acknowledged that they received the correct number of documents, and state that the unsigned copies of these documents attached to the Amended Complaint are the only documents they received at the closing. Thus, the authenticity of BAC's and MERS' submitted documents is questioned by Plaintiffs. Consequently, at this motion to dismiss stage, the Court will not consider the signed documents which BAC and MERS have submitted. Therefore, holding the Plaintiffs' allegations as true, the Court finds that Plaintiffs have alleged a violation of TILA which would extend Plaintiffs' right to rescind to three years. Plaintiffs' notice of rescission was sent June 13, 2009, within three years of the transaction.

Defendants argue that even if Plaintiffs have sufficiently pled that violations of TILA occurred, Plaintiffs' TILA rescission claim should be dismissed against BAC because BAC is only a servicer of the loan in question, and has never owned the obligation or had a pecuniary interest in the loan. 15 U.S.C. § 1641(f)(1) states that "[a] servicer of a consumer obligation arising from a

consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation." Moreover, a servicer will not be treated as an owner of the obligation "on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." 15 U.S.C. § 1641(f)(2).

BAC contends that it is simply a servicer of the loan and has never owned a pecuniary interest, and that the true owner of the obligation is Freddie Mac. Once again however, Defendants rely on documents outside of the pleadings to prove their point. Defendants have submitted an affidavit stating that Freddie Mac is the true owner of the mortgage. This Court will not consider this affidavit for the purposes of this motion to dismiss. Plaintiffs Amended Complaint alleges that BAC maintains a pecuniary interest in the loan. Furthermore, Plaintiffs' Amended Complaint references a letter from BAC's counsel which states that BAC is the true owner of mortgage obligation. Taking Plaintiffs' allegations as true, Plaintiffs have pled facts sufficient to establish that BAC is an assignee, against whom Plaintiffs may seek rescission.

Accordingly, the Court will deny BAC's and MERS' motion to dismiss Count I of the Amended Complaint. Taking Plaintiffs' allegations as true, Plaintiffs have pled sufficient facts to pursue a claim for TILA rescission.

**C. Plaintiffs' Remaining Counts**

Plaintiffs' remaining counts are Count II: TILA Damages Claim, Count III: Violation of RESPA, and Count IV: Violation of the MDTPA. As stated above, none of these counts were in the original Complaint. Rather they were all added by the Amended Complaint. Although BAC and MERS are correct in arguing that many of the issues and allegations in these counts are the same as the issues disputed in the TILA rescission claim which was part of the original Complaint, the Court finds that it is not appropriate to consider BAC's and MERS' motion to dismiss with regard to Plaintiffs' Counts II, III, and IV. Simply stated, these claims were not in the original Complaint, and thus, the deficiencies which existed in the original Complaint did not relate to these claims. Furthermore, these claims were not adequately briefed by the parties, because Plaintiffs' brief in opposition only responded to BAC's and MERS' initial brief, which did not discuss these claims, because that brief was filed before these claims were added.

Accordingly, with regard to Count II, III, and IV of the Amended Complaint, BAC's and MERS' motion to dismiss is denied without prejudice. BAC and MERS may at a later date move to dismiss these counts, and the Court will rule on such a motion after receiving full briefing and, if the Court deems it necessary, oral argument.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. BAC's and MERS' Motion to Dismiss [Docket No. 2] is **DENIED.**

Date: January 27, 2011

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court